IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Allvoice Developments US, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:09-CV-366 |
| v. | § § | |
| Microsoft Corp. | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff, Allvoice Developments US, LLC ("Allvoice"), brings this complaint against Defendant, Microsoft Corp. ("Microsoft"), and in support thereof avers as follows:

## PARTIES

1. Allvoice is a limited liability company organized and existing under the laws of the State of Texas with a place of business located at 315 North Broadway, Suite 203, Tyler, Texas 75702.

2. Upon information and belief, Microsoft is a corporation organized and existing under the laws of the State of Delaware with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action for patent infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. Venue is proper in the Eastern District of Texas under 28 U.S.C. §§ 1391(b) and (c) and 1400(b).

5.     This Court has personal jurisdiction over Microsoft because: (i) it has minimum contacts within the State of Texas and the Eastern District of Texas, in part, arising out of infringing Microsoft products offered for sale, sold and used in that State and judicial district; (ii) Microsoft has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; (iii) Microsoft has sought protection and benefit from the laws of the State of Texas; (iv) Microsoft has conducted and does conduct business within the State of Texas and within the Eastern District of Texas; (v) Allvoice's cause of action arises directly from Microsoft's business contacts and other activities in that State and judicial district; and (vi) Microsoft has filed numerous suits in this judicial district.

6.     More specifically, Microsoft, directly or through intermediaries (including distributors, retailers, and others) ships, distributes, offers for sale, sells and advertises its products to consumers in the State of Texas and, more particularly, in the Eastern District of Texas. Defendant has purposefully and voluntarily placed one or more products, including, without limitation, the Windows XP® and Windows Vista® operating systems, into the stream of commerce with the expectation that such products would be purchased and used by consumers in the Eastern District of Texas. Such products placed into the stream of commerce by Microsoft have been and continue to be purchased and used by consumers in the Eastern District of Texas. Thereby, as set forth more fully below, Defendant Microsoft has infringed and continues to infringe the patent-in-suit within the Eastern District of Texas and the resulting harm to Allvoice occurs in this judicial district.

## INFRINGEMENT OF U.S. PATENT 5,799,273

7.     On August 25, 1998, United States Patent 5,799,273 ("the '273 patent" or "patent-in-suit") entitled "Automated Proofreading Using Interface Linking Recognized Words To Their Audio Data While Text Is Being Changed" was duly and legally issued after a full and fair

2

examination and with John C. Mitchell, Alan James Heard, Steven Norman Corbett and Nicholas John Daniel properly identified as the named inventors. All rights and interest in the '273 patent are owned by Plaintiff Allvoice. A true and correct copy of the '273 patent is attached hereto as Exhibit A. That patent has been successfully enforced through ten years of litigation against competitors that challenged its validity and enforceability. The United States Court of Appeals for the Federal Circuit rejected those excuses for their infringement and confirmed the validity of the '273 patent. *See Allvoice Computing, Plc. v. Nuance Communications, Inc.,* 504 F.3d 1236 (Fed. Cir. 2007). Ultimately, all competitors that challenged the '273 patent and others have paid for a license to use the patent-in-suit.

8.      The '273 patent is directed to software and related methods for speech recognition systems, that is, systems where a computer translates the spoken words of an end user into text. The text can then be copied into a word processing or other computer application. The '273 patent describes and claims, without limitation, inventions that provide for a software interface between the end user's word processing or other application, on the one hand, and the speech recognition engine, on the other hand, such that, the text output from that engine may be directly input into the user's application, while providing for other improvements that enhance the usability of that application and the speech recognition engine.

9.      The patent application for the '273 patent was filed on or about September 27, 1996. At that time, the Microsoft Windows® operating system had been on the market for years. Yet, Microsoft had failed to implement in that product an interface between the user's applications and the speech recognition engine that enhanced the usability of those products such that they could be used in combination with the improved features described in the '273 patent. That deficiency in the Microsoft's system and the failure of others to adequately address those needs inspired the inventors named on the '273 patent to conceive and develop the inventions

3

recited in that patent.

10. It would be several years before Microsoft successfully deployed the technology covered by the '273 patent, and not until years after that patent issued and was reviewed by Microsoft. In fact, Microsoft knew, at least as early as 1997, of the pending patent application for the '273 patent. At that time, John Mitchell, then as the Managing Director of Allvoice Computing PLC, discussed with Microsoft his company's speech recognition software, WordExpress™, and the fact that his company had a pending patent application. Microsoft refused to enter into a business relationship. In 1999, after the '273 patent issued, John Mitchell again sought a business relationship with Microsoft regarding his company's then patented technology, and again, Microsoft refused. Later, in 2001, John Mitchell tried once more, sending Microsoft an email regarding his company's enforcement of the '273 patent against another speech recognition company, and offered to enter into negotiations with Microsoft; and, as before, it did not accept his offer. Still further, the '273 patent number has been prominently displayed by the prior owner thereof in connection with the promotion and advertisement of software and related services. For these reasons among others, Microsoft has also been provided constructive notice of the '273 patent pursuant to 35 U.S.C. § 287.

11. Notwithstanding its knowledge of the '273 patent, Defendant Microsoft has made, used, offered for sale and sold the Windows XP and Windows Vista operating systems in the United States. Those operating systems include software referred to by Microsoft as the Text Services Framework ("TSF"). It provides a software interface between a speech recognition engine, either the engine provided by Microsoft or an engine chosen by the end user, and the end user's word processing or other application. Those operating systems and other Microsoft operating systems or products that include TSF and its related components (the "Infringing Products") are employing, without authorization, the inventions claimed in the '273 patent.

4

12. Without permission or authority, Microsoft has directly infringed and continues to infringe the '273 patent pursuant to 35 U.S.C., § 271(a) by making, using, offering for sale and selling the Infringing Products in the United States. Defendant Microsoft has also indirectly infringed the '273 patent and continues to do so by, without limitation, supplying others with Infringing Products and instructing them to install those products on computers with the knowledge that the computers and Infringing Products will be imported into the United States and offered for sale, sold and used in this country. For these reasons among others, Microsoft is liable for induced and contributory infringement pursuant to 35 U.S.C. § 271(b) and (c).

13. Microsoft's infringement of the '273 patent has caused and continues to cause damage to Allvoice. Plaintiff Allvoice is entitled to receive from Defendant Microsoft the damages sustained by Allvoice as a result of Microsoft's wrongful acts in an amount no less than a reasonable royalty. Defendant Microsoft will continue to infringe the '273 patent causing damage to Plaintiff Allvoice, including irreparable harm for which there is no adequate remedy at law, unless preliminarily and permanently enjoined by this Court.

14. Upon information and belief, Microsoft has been objectively reckless based on, without limitation, its knowledge of the '273 patent and continued infringing activities in disregard of the property rights of Plaintiff Allvoice and the patent-in-suit. As such, Microsoft willfully infringed the '273 patent entitling Plaintiff Allvoice to enhanced damages pursuant to 35 U.S.C. § 284, and this case presents exceptional circumstances entitling Plaintiff Allvoice to recover its attorneys' fees incurred in prosecuting this action pursuant to 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that Defendant be cited to appear and answer herein; and that upon final hearing, a final judgment be entered:

1. That United States Patent 5,799,273 is valid and enforceable;

2. That Defendant has directly infringed said patent pursuant to 35 U.S.C. § 271(a);

3. That Defendant has induced infringement of said patent pursuant to 35 U.S.C. § 271(b);

4. That Defendant has contributorily infringed said patent pursuant to 35 U.S.C. § 271(c);

5. That Defendant, its agents, servants, attorneys, employees, successors, and assigns, and any and all persons, firms, associations, and corporations, acting by, through or pursuant to the direction of, Defendant, or in concert or in participation with Defendant, be preliminarily and permanently enjoined and restrained from (i) directly infringing U.S. Patent 5,799,273, or (ii) aiding, abetting or encouraging others in doing so.

6. For an award of damages, no less than a reasonable royalty due to Defendant's past and future direct and indirect infringement of the '273 patent, together with prejudgment and post-judgment interest;

7. That the damages so awarded be trebled in accordance with 35 U.S.C. § 284;

8. That the Court find that this case is exceptional, and that Plaintiff be awarded its attorneys' fees, costs and expenses incurred in this action in accordance with 35 U.S.C. § 285; and

9. For such other and further relief in law or equity as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury of all issues triable of right by jury.

Respectfully submitted,


*/s/ Chris P. Perque (with permission by Robert Christopher Bunt)*
**Chris P. Perque**
Lead Attorney
Texas Bar No. 24005828
cperque@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana St., Suite 3400
Houston, TX 77002-5011
Tel: (713) 276-5020
Fax: (713) 276-6020

**Karl L. Larson**
Texas Bar No. 24053600
klarson@gardere.com
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX  75201
Tel: 214-999-3000
Fax: 214-999-4667

**Robert C. Bunt**
Texas Bar No. 00787165
rcbunt@pbatyler.com
**Charles Ainsworth**
Texas Bar No. 00783521
charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Tel: 903-531-3535
Fax: 903-533-9687

**S. Calvin Capshaw**
State Bar No. 03783900
ccapshaw@capshawlaw.com
**Elizabeth L. DeRieux**
State Bar No. 05770585
ederieux@capshawlaw.com
**D. Jeffrey Rambin**
State Bar No. 00791478
drambin@capshawlaw.com

**CAPSHAW DERIEUX, LLP**
1127 Judson Road, Suite 220
Longview, TX 75601-5157
Tel: 903-236-9800
Fax: 903-236-8787

**ATTORNEYS FOR PLAINTIFF
ALLVOICE DEVELOPMENTS US, LLC**