IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Allvoice Developments US, LLC, | § § | |
| Plaintiff, | § § | Civil Action No. 6:09-CV-366 (LED) |
| v. | § § | |
| Microsoft Corp., | § § | **JURY TRIAL DEMANDED** |
| Defendant. | § § § | |

**PLAINTIFF'S SUR-REPLY TO DEFENDANT'S MOTION TO
TRANSFER TO THE WESTERN DISTRICT OF WASHINGTON**

Plaintiff Allvoice Developments US, LLC ("Allvoice Developments") files this sur-reply in response to Microsoft Corp.'s ("Microsoft") Reply in Support of Microsoft's Motion to Transfer to the Western District of Washington ("Seattle") (Doc. 33, filed 1/19/10). Defendant has failed to show good cause for the transfer of this case pursuant to 28 U.S.C. § 1404(a) and, as such, Microsoft's request to transfer this case to Seattle should be denied.[1]

**I.
SUMMARY OF ARGUMENT**

Microsoft's reply is more of the same: a request that this Court transfer this case to a venue more convenient to itself and its employee witnesses without regard to the convenience of Allvoice, its witnesses or the interest of justice. Microsoft argues that the nonparty witnesses identified by Allvoice have no legitimate connection to this case and that the same will not be "appreciably inconvenienced" by a transfer to Seattle. The first argument is contrary to

---

[1] Allvoice Developments also incorporates by reference its Response to Defendant's Motion to Transfer (Doc. 17, filed 10/15/09) and its Sur-Reply to Defendant's Motion to Transfer (Doc. 21, filed 10/30/09) both filed in response to Microsoft's Motion to Transfer Venue (Doc. 13, filed 9/30/09), and its Response to Defendant's Motion to Transfer to the Western District of Washington (Doc. 30, filed 1/13/10).

1

Microsoft's pleadings and other briefing regarding transfer (*see* Doc. 30, Plaintiff's Response, pp. 10-11), and Microsoft offered no other support for that argument in its reply. The second argument merely demonstrates that Microsoft failed to satisfy the burden of proof applicable to a 1404(a) transfer, that is, it failed to prove that a transfer to the Seattle would be <u>clearly more</u> convenient for <u>both</u> parties and <u>their</u> witnesses, <u>and</u> that such a transfer would serve the interest of justice. In fact, the opposite is true, and this case should remain in the Eastern District of Texas for further proceedings.

## II.
## ARGUMENT AND AUTHORITIES

**A.  Defendant acknowledges its failure to meet the substantial burden for a 1404(a) transfer.**

Arguing that transfer to Washington is appropriate, Microsoft claims that Allvoice Development's nonparty witnesses "will not be ***appreciably inconvenienced*** by traveling to Seattle, Washington versus Tyler, Texas." Microsoft explained that for some of those witnesses the travel time (by air) to Seattle is <u>essentially the same</u> as to Tyler, for others that the travel time (by air) to Seattle is <u>usually less than 2 hours longer</u> than to Tyler, and for another nonparty witness located in Boston that a trial in Seattle would pose no additional inconvenience because the flights from Boston to Seattle are <u>about the same length</u> as those from Boston to Tyler. Doc. 33, Reply, pp. 1, 4-5, emphasis added. Setting aside the fact that the Fifth Circuit's 100-mile rule is based on the distance between a witness' residence and the location of the courthouse – and not on the witness' estimated travel time by airplane, Microsoft's argument still fails to support its requested transfer.

The standard is not whether certain witnesses would be "appreciably inconvenienced." On the contrary, Microsoft must show <u>good cause</u> for the requested transfer by <u>clearly</u>

demonstrating that the requested transfer is for the convenience of the parties and the witnesses, in the interest of justice. *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315 (5th Cir. 2008) (*en banc*). The transferee venue must be "clearly more convenient" for both parties in order for transfer to be appropriate. *In re Genentech,* 566 F.3d 1338, 1342 (Fed. Cir. 2009); *Aloft Media, LLC v. Adobe Systems, Inc.* 2008 WL 819956, at *3 (E.D. Tex. March 25, 2008). As made clear by the Supreme Court, it is not appropriate to transfer where a forum is simply "likely to prove equally convenient or inconvenient." *Van Dusen v. Barrack,* 376 U.S. 612, 622, 84 S. Ct. 805 (1964). Microsoft acknowledged in its reply that a trial in Seattle would be less convenient than a trial in Tyler for the nonparty witnesses. Under such circumstances, a transfer is not warranted, especially here where Microsoft's basis for the requested transfer to Seattle is the convenience of its employee witnesses.

In its reply, Microsoft argued that its request to transfer this case to the Southern District of Texas is not inconsistent with its co-pending request to transfer this case to Seattle. It explained that more than one transferee district may be "clearly more convenient" than Plaintiff's chosen forum. Doc. 33, p. 5, fn. 2. The fact is that Microsoft consents to come to Texas without caveat or reservation, and at the same time seeks transfer away from Texas. Microsoft's theoretical argument is therefore constrained to a factual situation where a party seeks transfer both to and away from the same State. Microsoft argued in its first brief that the interest of justice compels this Court to transfer this case to Houston, Texas, knowing at that time that it would be calling several employee witnesses at trial if the transfer were granted. A few months later in support of the motion *sub judice*, it argued that a trial in Texas would be so inconvenient for the same employee witnesses that the interest of justice compels this Court to transfer the case to Seattle. Microsoft cites no case that, on such facts, there can be multiple

3

districts that are "clearly more convenient" than the Plaintiff's statutorily proper choice. Still further, its arguments cannot be reconciled between themselves. By requesting to transfer this case to Houston Texas, it admitted that a trial of this case in Texas would not be so inconvenient for its employee witnesses that the interest of justice compels a transfer outside of this State.

**B.** ***Hoffman-La Roche* and *TS Tech* are inapposite and do not control this Court's determination.**

Despite the incongruity of the facts, Microsoft continues to argue that *In re Hoffman-La Roche* supports its argument that this Court should transfer this case to Washington. It clings to that case as support for its desperate argument that Allvoice has "manipulated venue" in this case. The parties do not dispute that venue is proper in this District pursuant to 28 U.S.C. §1391. The question is whether Microsoft has shown good cause that the interest of justice demands that this Court transfer the case to one of Microsoft's preferred venues. *Hoffman-La Roche* is of little assistance in that regard. In that case, the Federal Circuit found that the only connection between the case and the Eastern District of Texas was the fact that the plaintiff had sent electronic copies of documents to its litigation counsel in the district, and thus ordered that the district court transfer the case to the Eastern District of North Carolina, where the "interest in th[e] matter [was] self-evident." *In re Hoffman-La Roche,* --- F.3d ---, 2009 WL 4281965, *1, *3-4 (Fed. Cir. Dec. 2, 2009). As set forth before, the facts of this case are different as Allvoice has incorporated in Texas, has its principal place of business in the Eastern District of Texas, has an office in the Eastern District of Texas, and has identified nonparty witnesses in this District and elsewhere that would be inconvenienced if the case were transferred to Seattle.

Likewise, Microsoft's reliance on *In re TS Tech USA* is without merit. Therein*,* the Federal Circuit found transfer from the Eastern District appropriate where all the physical evidence was located more conveniently to the alternative forum, where none of the evidence

4

was located in Texas, and where all of the key witnesses would have to travel significant distance for trial in Texas. *In re TS Tech USA,* 551 F.3d 1315, 1321 (Fed. Cir. 2008). Further, and importantly, none of the plaintiffs in *TS Tech* were incorporated in Texas, none had offices in the Eastern District, and in fact, two of the three plaintiffs were incorporated and had offices in the proposed alternative forum. *Id.* at 1318, 1321. The only local interest in favor of retaining venue in the Eastern District was that the allegedly infringing product had been sold in the Eastern District of Texas. *Id.* at 1321. The Federal Circuit found that this consideration was insufficient to weigh against transfer where the product had been sold throughout the United States, and given all of the other considerations in the venue analysis. *Id.* at 1321.

Unlike the plaintiffs in *TS Tech,* Allvoice selected its home forum in which to conduct this litigation. Further, unlike *TS Tech,* Plaintiff does not seek to support venue in this case with the mere fact that the infringing products have been sold in this District, but rather, seeks to provide testimony from two resident witnesses who have used, promoted and sold the infringing products as proof of direct infringement, one of the elements of Plaintiff's contributory and induced infringement claims. *See* Doc. 30, p. 9. In light of all of the above considerations, the public interest in keeping this case in the Eastern District of Texas is strong. *BNSF Railway Co. v. OOCL (USA), Inc.,* --- F.Supp.2d ---, 2009 WL 3294859 (N.D. Tex. Oct. 14, 2009); *Ternium Int'l U.S.A. Corp. v. Consolidated Sys., Inc.,* 2009 WL 464953, *5 (N.D. Tex. Feb. 24, 2009) ("local interest … exists to resolve claims involving local residents and businesses"). Despite arguments by Microsoft to the contrary, neither *Hoffman-La Roche* nor *TS Tech* dictate that this Court transfer this case, which involves far different venue facts.

# III.
# PRAYER

For the foregoing reasons, Plaintiff respectfully urges that this Court deny Microsoft's request to transfer this case to Washington and its requested transfer to the Southern District of Texas.

Respectfully submitted,

*/s/ Chris P. Perque (with permission by Robert Christopher Bunt)*
**Chris P. Perque**
Lead Attorney
Texas Bar No. 24005828
cperque@gardere.com
**GARDERE WYNNE SEWELL LLP**
1000 Louisiana St., Suite 3400
Houston, TX 77002-5011
Tel: (713) 276-5020
Fax: (713) 276-6020

**Karl L. Larson**
Texas Bar No. 24053600
klarson@gardere.com
**GARDERE WYNNE SEWELL LLP**
3000 Thanksgiving Tower
1601 Elm Street
Dallas, TX 75201
Tel: 214-999-3000
Fax: 214-999-4667

**Robert C. Bunt**
Texas Bar No. 00787165
rcbunt@pbatyler.com
**Charles Ainsworth**
Texas Bar No. 00783521
charley@pbatyler.com
**PARKER, BUNT & AINSWORTH, P.C.**
100 East Ferguson, Suite 1114
Tyler, Texas 75702
Tel: 903-531-3535
Fax: 903-533-9687

**S. Calvin Capshaw**
State Bar No. 03783900
ccapshaw@capshawlaw.com
**Elizabeth L. DeRieux**
State Bar No. 05770585
ederieux@capshawlaw.com
**D. Jeffrey Rambin**
State Bar No. 00791478
drambin@capshawlaw.com
**CAPSHAW DERIEUX, LLP**
1127 Judson Road, Suite 220
Longview, TX 75601-5157
Tel: 903-236-9800
Fax: 903-236-8787

**ATTORNEYS FOR PLAINTIFF**
**ALLVOICE DEVELOPMENTS US, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that all counsel of record, who are deemed to have consented to electronic service are being served this 27th day of January 2010, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ *Robert Christopher Bunt*
ROBERT CHRISTOPHER BUNT