**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| Allvoice Developments US, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 6:09-cv-366 |
| | § | |
| Microsoft Corp., | § | |
| | § | |
| Defendant. | § | |

**DISCOVERY ORDER**

After review of the pleaded claims and defenses in this action and in furtherance of the management of the Court's docket under Fed. R. Civ. P. 16, the Court enters the following Discovery Order:

1.  **Disclosures.** By February 25, 2010, and without awaiting a discovery request, each party shall disclose to every other party the following information:

    A.  the correct names of the parties to the lawsuit;
    B   the name, address, and telephone number of any potential parties;
    C.  the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);
    D.  the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by such person;
    E.  any indemnity and insuring agreements under which any person or entity may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;
    F.  any settlement agreements relevant to the subject matter of this action; and
    G.  any statement of any party to the litigation.

2.  **Additional Disclosures.** Each party shall provide to every other party the following information:

    A.  The disclosures required by the Court's Patent Rules in accordance with the deadlines set forth in said rules and the Court's Docket Control Order.

B.  By March 4, 2010, Defendant shall produce to Plaintiff any specifications, white papers, developer notes, or other technical documents describing the features, components, operation, architecture or design of the Accused Instrumentalities, as defined in Plaintiff's 3-1 disclosures. As soon as practicable thereafter but to be completed by April 30, 2010, Defendant shall make available for Plaintiff's inspection and copying the source code of each of the Accused Instrumentalities and a table summarizing its financial information for each of the Accused Instrumentalities for the period beginning six years prior to the filing of this suit and continuing to the present.[1]

C.  To the extent that any party pleads a claim for relief or defensive matter other than those addressed in the Patent Rules[2], that party shall by April 30, 2010 and without awaiting a discovery request, complete its production of all documents, data compilations and tangible things in the possession, custody, or control of the party that are relevant to those additionally pleaded claims or defenses involved in this action.[3]

D.  The parties will produce their documents and electronically stored information, via DVD or other electronic storage media, with a LFP load file and a .DAT load file with Concordance delimiters containing all agreed upon metadata for Defendant and a Summation DII load file and a text file with "carrot" "pipe" "carrot" delimiters ("^|^") containing all agreed upon metadata for Plaintiff. Each document in paper form shall be produced as a TIFF Group 4 image with confidentiality designations as applicable and beginning and ending Bates numbers ("control numbers") identifying the physical boundaries of the document. Defendant's source code, its revision history, and any electronically stored documents evincing its prior art shall be produced in native format with any electronically available metadata. All other electronically stored documents or files, except for email, will be produced as TIFF Group 4 images with control numbers and confidentiality designations as applicable along with a load file that includes the following metadata, as available electronically, for each document: file path, file name, author, date created, time created, date last saved, and time last saved. Email will also be produced as TIFF Group 4 images with control numbers and confidentiality designations as applicable along with a load file that includes the following metadata, as available electronically, for each email: BegDoc#, EndDoc#, BegAttch, EndAttch, PageAmt, DocDate, DocTitle, DocType, To, CC, DocAuthor, ParentID, BCC, Doclink, EmailSentDate, EmailSentTime, EmailReceivedDate, EmailReceivedTime, EmailSubject, EmailMedia, From, Attachmt, Attachment ID, ModifiedDate, ModifiedTime, CreatedDate, CreatedTime, ConversationTopic, ConversationIndex, HashCode,

---

[1] Plaintiff requests the production of revision histories of the source code, and Defendant has not yet agreed to produce the same. The parties will address this dispute, if not resolved, in connection with the Protective Order.

[2] The Patent Rules are Appendix M to the Local Rules which are available on the Court's website at www.txed.uscourts.gov.

[3] Plaintiff will not oppose a motion by Defendant for a two-week extension of this deadline provided that Defendant has made the source code for the Accused Instrumentalities available for inspection and copying before the April 30, 2010 deadline and otherwise has substantially completed its production to Plaintiff on or before that date.

and InReplyToID. Each party reserves the right to request the production of any of the foregoing in native format or the production of additional metadata, and each party reserves the right to object to any such request.

E. By April 30, 2010, a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying (See Local Rule CV-34), the documents or other evidentiary materials on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and those documents and authorizations described in Local Rule CV-34.

3. **Testifying Experts.** Each side is limited to four (4) testifying expert witnesses. By the date provided in the Docket Control Order, each party shall disclose to the other party or parties:

   A. The expert's name, address, and telephone number;
   B. The subject matter on which the expert will testify;
   C. A report as required by Federal Rule of Civil Procedure 26(a)(2)(B);
   D. If the expert is not retained by, employed by, or otherwise subject to the control of the disclosing party, documents reflecting the general substance of the expert's mental impressions and opinions;
   E. If the expert is retained by, employed by, or otherwise subject to the control of the disclosing party;
      (1) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and
      (2) the expert's current resume and bibliography.

4. **Discovery Limitations.** Discovery is limited in this cause to the disclosures described in Paragraphs 1 - 3 together with: (i) 30 interrogatories; (ii) 60 requests for admissions, except for those directed to authentication, which are unlimited in number; (iii) 70 hours of depositions per side for fact witnesses and seven hours per expert; and (iv) unlimited depositions on written questions of custodians of business records for third parties. "Side" means a party or a group of parties with a common interest. The parties will serve each other with copies of any subpoena or deposition notice directed to a third-party on the same day the subpoena or notice is served on the third-party. A party receiving documents from a third-party will provide copies of those documents to the other party within five (5) business days of receiving those documents. No party will schedule the deposition of a third-party earlier than five (5) business days after providing the other party with copies of any documents received from that third-party.

5. **Privileged Information.** There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date provided in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. The parties shall not be required to

disclose on their privilege logs documents created by or for counsel for a party after this action was commenced; provided that, the documents were not disclosed to any other entity or individual other than that party.  A party may move the Court for an order compelling the production of any privileged documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for in camera inspection.  If the parties have no disputes concerning privileged documents or information, then the parties shall file a notice so stating by the date provided in the Docket Control Order.

6. **Pre-trial Disclosures.**  By the date provided in the Docket Control Order, each party shall provide to every other party the following disclosures regarding the evidence that the disclosing party intends to present at trial:

   A. The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.
   B. The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.
   C. An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

   By the date provided in the Docket Control Order, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph "B." above; and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph "C." above.  Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of Evidence, shall be deemed waived unless excused by the Court for good cause shown.

7. **Signature.**  The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.

8. **Exchange of Disclosures.**  If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5.

9. **Notification of the Court.**  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

10. **Duty to Supplement.**  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains

information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

11. **Requests for Production.** Because documents relevant to any claim or defense are to be produced pursuant to the Patent Rules and paragraphs one and two of this Order, requests for production are unnecessary. However, should a party believe that certain relevant documents have not been produced, that party may request said documents by letter. The Court will entertain a motion to compel documents without the necessity of a movant propounding formal requests for production.

12. **Discovery Disputes.** Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(f). If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(f).

13. **Discovery Conferences.** <u>Within 72 hours of the Court setting any discovery motion for hearing, each party's lead trial counsel and local counsel shall meet and confer in person or by telephone in an effort to resolve the dispute without Court intervention. Counsel shall promptly notify the Court of the results of the meeting. Attendance by proxy is not permitted. Unless excused by the Court, lead counsel shall attend any discovery hearing set by the Court.</u>

14. **No Excuses.** A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue. Parties asserting the defense of qualified immunity may submit a motion to limit disclosure to those materials necessary to decide the issue of qualified immunity. Defendant proposes that the Discovery Order and Docket Control Order be entered in this case only in the event that Microsoft's Motion to Transfer to the Southern District of Texas and Microsoft's Motion to Transfer to the Western District of Washington are denied. Plaintiff proposes that the Court enter the Discovery Order and Docket Control Order, as modified by the Court, without any delay based one or both of Defendant's motions to transfer.

15. **Protective Orders.** A copy of the Court's standard protective order is available on the Court's website at www.txed.uscourts.gov entitled "Judge Davis Standard Protective Order." A party may request that the Court issue the Protective Order. However, a party may propose to modify the terms of the Protective Order for good cause. The Court authorizes the parties to file any document that is subject to a protective order under seal. The parties will file an agreed Protective Order or, if not agreed, their respective Protective Orders by February 5, 2010.

16. **Courtesy Paper Copies.** Paper copies will not be accepted by this Court unless specifically requested.

5

17. **Hearing Notebooks.** With the exception of *Markman* notebooks required in the Docket Control Order, hearing notebooks are no longer required or requested. However, the Court may request hearing notebooks in specific instances.

**So ORDERED and SIGNED this 1st day of February, 2010.**

_____
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE